UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Petitioner,

  vs.

BEN CURRY, Warden,

        Respondents.

No. C 08-0848 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted of second degree murder in 1986. He received a sentence of fifteen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the Board of Parole Hearings' decision violated due process in that it was the product of bias and was arbitrary and capricious, as shown by the Board's refusal to consider the favorable psychologist's report; (2) th Board did not allow petitioner court-ordered sentence credits; (3) the Board's action amounted to an enhancement of his sentence from a sentence for second-degree murder to one for first-degree murder, without the facts leading to this change having been tried to a jury and proved beyond a reasonable doubt, allegedly a violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 127 S. Ct. 856 (2007); (4) the Board's use of old misconduct reports and misconduct reports given him for following his religious beliefs was a violation of his due process rights; (5) the Board's giving petitioner a four-year denial (his next hearing will not be for four years) was not supported by "some evidence," hence violated due process and was ex post facto; and (6) his due process rights were violated by the Board's acting as if it were a second jury and, in essence, finding him guilty of first rather than second degree murder.

These claims are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d

895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

1  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

2  **IT IS SO ORDERED.**

3  Dated:  February 26, 2008.

                                            PHYLLIS J. HAMILTON
                                            United States District Judge

19  G:\PRO-SE\PJH\HC.08\STAICH848.OSC.wpd

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Petitioner,

  v.

BEN CURRY et al,

        Respondents.

Case Number: CV08-00848 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Von Staich E-10079
Correctional Training Facility-Central
P.O. Box 689
Soledad, CA 93960

Dated: February 26, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk